United States District Court
Southern District of Texas
**ENTERED**
October 28, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEMETRE DEVON ROBINSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-3068 |
| | § | |
| HPD SORU, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a pretrial detainee in custody of the Harris County Sheriff's Office at the time of filing, filed this *pro se* civil lawsuit under 42 U.S.C. § 1983 against "HPD SORU." He seeks monetary damages for the alleged violation of his constitutional rights.

Having screened the complaint under 28 U.S.C. §§ 1915(e) and 1915A(b), the Court DISMISSES this lawsuit for the reasons shown below.

*Background and Claims*

Plaintiff claims that he was charged with a sexual offense in 2007 while a minor. He was found guilty and sentenced to three years in custody of the Texas Youth Commission. He complains that, following his release from the Texas Youth Commission in 2011, his profile appeared in the online Texas sex offender registry. He was convicted of felon in possession of a firearm and evading arrest in 2018, and was told "he had to register." He states, however, that defendant HPD SORU told him he did not need to register. He

complains that he is unable to find employment due to "having his profile on the website," and seeks $1 million in monetary damages.

*Analysis*

Plaintiff names as the sole defendant in this case the "HPD SORU," which maintains the Houston Police Department Sex Offender Registration and Compliance Unit Local Offender Website[1] for sex offenders residing within the city limits of Houston. The HPD SORU, as a division of the Houston Police Department, is not a jural entity that can sue or be sued. *See*, *e.g.*, *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996); *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993). Consequently, plaintiff has not named a legally-cognizable defendant in this lawsuit, and his claims must be dismissed without prejudice. Regardless, a review of the Houston Police Department Sex Offender Registration and Compliance Unit Local Offender Website shows that plaintiff is not listed as a sex offender in that database.

Although plaintiff is listed as a sex offender on the Texas Department of Public Safety Crime Records Division website,[2] he has not named as a defendant a jural entity responsible for his profile appearing in that database. Moreover, plaintiff does not plead factual allegations sufficient to raise a claim for wrongful inclusion of his profile on the list. That

---

[1] https://www.houstontx.gov/police/sex_offender_databases/.

[2] https://publicsite.dps.texas.gov/SexOffenderRegistry.

is, plaintiff does not show that the inclusion of his profile in the Texas state sex offender database violates his federal or constitutional rights.

Plaintiff raises no viable claim for which relief can be granted under section 1983, and this lawsuit must be dismissed for failure to state a claim.

## *Conclusion*

This lawsuit is DISMISSED WITHOUT PREJUDICE for failure to state a viable claim for which relief can be granted under section 1983. Any and all pending motions are DISMISSED AS MOOT.

This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on October 28, 2021.

_____
Gray H. Miller
Senior United States District Judge